#400

**LAW OFFICES OF**
**MICHAEL J. WEISS**
By: Michael J. Weiss, Esquire
1236 Brace Road
Cherry Hill, NJ 08034
(856)428-1236
Attorney ID #35226
Attorney for Plaintiffs

RECEIVED

SEP 17 2014

AT 8:30
WILLIAM T. WALSH
CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DONALD M. SOLOFF and : | CIVIL ACTION |
| ALISON F. SOLOFF, h/w : | |
| : | |
| Plaintiffs : | NO. |
| v. : | |
| : | |
| Harbaugh Developers, LLC, : | |
| Stephen M. Harbaugh, and : | |
| ABC Subcontractors 1-30, a fictitious name, : | |
| and Builder Affiliates 1-30, a fictitious name : | |

## COMPLAINT IN CIVIL ACTION

1.      Plaintiffs, **Donald M. Soloff and Alison F. Soloff**, husband and wife, are adult

individuals residing in the Commonwealth of Pennsylvania at 1250 Country Club Road,

Gladwyne, PA, 08035.

2.      Defendant, **Stephen M. Harbaugh**, is an adult individual residing at 503 Legends

Court, Mickelton, in the State of New Jersey 08056-1037. Upon information and belief,

Defendant, Stephen M. Harbaugh, at all times relevant hereto was a principal officer, director,

owner, employee, and/or agent of Defendant Harbaugh Developers, LLC; such entity being

engaged in the construction and/or sale of residential homes in the State of New Jersey,

specifically related hereto in the seashore town of Avalon, New Jersey.

3.      Upon information and belief, and at all times relevant hereto, Defendant,

**Harbaugh Developers, LLC was a limited liability New Jersey Corporation** engaged in the

business of residential home construction and/or sale, operating a place of business at 9727 3rd

Avenue, Stone Harbor, New Jersey  08247-1932.

4.      Upon information and belief, Defendant, Harbaugh Developers, LLC maintained

a registered business address of 318 Glassboro Road, Woodbury Heights, New Jersey.

5.      Upon information and belief, **Defendant ABC Subcontractors 1-30,** a fictitious

name currently used to designate unknown business entities, performed and provided Harbaugh

Developers, LLC and Stephen M. Harbaugh, with services and  work, including labor and

materials, relating to the residential construction of Plaintiffs' home located at 988 Avalon

Avenue, Avalon, New Jersey, including, but not limited to foundation, structural support,

framing, exterior walls, roofs, flashing, water sealing, weather proofing, windows, patios,

balconies, masonry, plumbing, HVAC, electrical, exterior trim, stairs, and other work related to

or  installed on Plaintiffs' home, and upon information and belief, maintained a principal place of

business in the State of New Jersey.

6.      Defendants **Builder Affiliates 1-30,** a fictitious name intended to represent

corporations, partnerships, proprietorships, affiliates, subsidiaries, associations, successors,

assigns, shareholders, officers, directors, managers, principals, agents or other legal entities or

individuals associated in fact who directly or indirectly, controlled or were the "alter ego" of the

builder Defendants, Harbaugh Developers, LLC and Stephen M. Harbaugh and upon information

and belief, maintained a principal place of business in the State of New Jersey.

-2-

## JURISDICTION AND VENUE

7.      Subject matter jurisdiction is conferred upon this Court pursuant to 28 U.S.C.A. § 1332 (a)(1) as Plaintiffs are citizens and residents of the Commonwealth of Pennsylvania and Defendants are a citizen and/or resident of the State of New Jersey, and the amount in controversy exceeds the amount of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs.  The plaintiffs and defendant are citizens of different states.

8.      Venue is appropriate in this judicial district pursuant to 28 U.S.C. § 1391 (a)(2) in that this action arose within this judicial district.

## FACTS

9.      This action is brought by the Plaintiffs against the Defendants named above for, but not limited to, damages arising from defects, deficiencies and fraud in connection with the construction of the Plaintiffs' home at 988 Avalon Avenue, in Avalon, New Jersey, 08202

10.      Sometime prior to the Fall of 2013, Plaintiffs consulted Defendants, Stephen M. Harbaugh and Harbaugh Developers, LLC for the purpose of hiring them for the residential construction of a custom home located at 988 Avalon Avenue, Avalon, New Jersey 08202.

11.      Prior to this time, Plaintiffs had retained the architectural firm of Asher Associates, hereinafter " Asher Assoc.", to provide and perform architectural and other services relating to the design and construction of the Plaintiff's new home as well as the engineering firm of Mulhern & Kulp to provide structural and framing engineering services.

12.      During this time period, Defendant Stephen M. Harbaugh was in frequent contact with Plaintiffs and purported to be an experienced custom home builder with extensive knowledge of custom home construction.

-3-

13.     Repeated meetings occurred between Plaintiffs and Defendant, Stephen M. Harbaugh wherein Stephen Harbaugh professed his qualifications, experience, availability and interest in Plaintiffs' custom home construction project.

14.     Sometime prior to October 30, 2013 Plaintiffs provided the full set of completed architectural plans they had obtained from Asher Associates to Stephen M. Harbaugh and Harbaugh Developers, LLC for the purpose of obtaining their bid on the construction project. These plans included the structural engineering plan of Mulhern & Kulp relating to the foundation, framing and structural support of the house.

15.     On or about the evening of October 30, 2013 Plaintiffs met with Defendant Stephen M. Harbaugh to discuss the project and review the architectural plans which the Plaintiffs had provided. At this meeting Defendant Stephen M. Harbaugh presented Plaintiffs with the total bid of Defendant Harbaugh Developers, LLC on the construction allegedly based on the architectural plans the Plaintiffs had provided Defendants.

16.     On or about the evening of October 30, 2013 Plaintiffs entered into an "Agreement for Residential Project, 988 Avalon Avenue, Avalon, NJ (Block 9.02 Lot 1)", hereinafter referred to as "The Agreement", with Defendants, which purported to be for the construction of the custom home which Asher Assoc. had designed and also purported to be based upon the architectural plans of Asher Assoc. and Mulhern & Kulp.  Defendant Stephen M. Harbaugh executed The Agreement on behalf of Harbaugh Developers, LLC and represented himself as a lawful officer and/or agent of the said Defendant.

17.    At this meeting, Defendant Harbaugh requested that Plaintiffs make an initial payment of $103,953.00 to Harbaugh Developers, LLC which he represented was for "Development Costs, Permits & Fees". Plaintiffs paid this sum in reliance on this representation.

18.    Article 2 of The Agreement required Defendants to substantially complete the work in the contract within 240 days, i.e., 8 months, with the date of commencement being November 1, 2013, thereby delivering the completed home on July 1, 2014. Section 11.1 of The Agreement stated that the time limit was "of the essence of the Contract".

19.    Article 8, Sec. 8.2 of The Agreement required Defendants to prepare and submit for the owners' information a Contractor's construction schedule for the work.

20.    Article 8, Sec. 8.3 of The Agreement required Defendants to supervise and direct the work and to provide in writing to the Plaintiffs the names of all subcontractors and/or suppliers for each portion of the work.

21.    Article 8, Sec. 8.5 of The Agreement warranted that the work performed by Defendants would be performed in a good and workmanlike manner and free from all defects and in conformance with the Contract Documents.

22.    Article 8, Sec. 8.10 of The Agreement required Defendants to keep the premises and surrounding area free from accumulation of debris and trash related to the work.

23.    Article 14, Sec. 14.1 of The Agreement required Defendants to promptly correct work rejected by the Plaintiffs as failing to conform to the requirements of The Agreement.

24.    Article 16, Sec. 16.2 of The Agreement authorized the Plaintiffs to terminate the contract if Defendants fail to properly man the job and/or perform the work in a good and

-5-

workmanlike manner and further authorized the Owner to take possession of the site and materials and finish the work by whatever reasonable method the Owner deems expedient.

25.     Article 16, Sec. 16.2.3 of The Agreement provides in pertinent part that when the Owner terminates the Contract for any of the reasons specified in Sec. 16.2.1 the Contractor shall not be entitled to receive further payment, except for work that has been completed in a good and workmanlike manner but remains unpaid as of the date of termination.

26.     Article 16, Sec. 16.2.3 of The Agreement provides in pertinent part that if the Owner is required to hire another Contractor to complete the contract work, and the cost of completion is in excess of the contract price, the Contractor shall be liable to Owner for the additional cost.

27.     Commencing on and after November 1, 2013, Defendants undertook the construction of the Plaintiffs residence.  Construction was very slow, sporadic and irregular and the job site was poorly and inadequately manned.  The construction site was left unlocked, untidy and unprotected.

27.     Defendants did not provide to Plaintiffs a Contractor's construction schedule for the work.

28.     Defendants did not man the job or adequately direct or supervise the work.

29.     Defendants did not provide to Plaintiffs the names of all subcontractors and/or suppliers for each portion of the work.

30.     Defendants allowed the work site, interior and exterior, to be dirty, cluttered, and littered with trash and construction debris.

-6-

31.     Defendants failed to maintain and install required safety precautions to protect Plaintiffs and other individuals working on the premises.

32.     Defendants did not perform the contract work in a good and workmanlike manner, free from defects and in conformance with the contract documents.

33.     Defendants did not adequately progress the work so as to complete it within the time period specified by The Agreement, i.e. July 1, 2014, or a reasonable period of time thereafter.

34.     As the construction progressed Plaintiffs became aware of defects, deficiencies and irregularities in the construction of the project as well as substantial non-compliance with the specifications provided for in the architectural plans upon which the Agreement was based.

35.     At repeated intervals Plaintiffs requested that Defendants correct, cure and remedy the defects, deficiencies, irregularities and non-compliance in the construction.

36.     During the course of construction Plaintiffs became aware that there was not adequate progress and that the work was not getting done in a timely manner. Plaintiffs requested that Defendants properly man the job and supervise the construction, work site and sub-contractors.

37.     Plaintiffs discovered that the defects, deficiencies, irregularities and non-compliance were a result of the fact that the Defendants, their principals, agents, owners, representatives and/or employees failed to construct the home in accordance with generally accepted industry standards and/or in compliance with the specifications of the architectural plans of Asher Assoc. in violation of The Agreement.

-7-

38.     Plaintiffs discovered that the defects, deficiencies, irregularities and non-compliance were as a result of a failure to adequately and properly man the project in violation of The Agreement.

39.     Plaintiffs discovered that the defects, deficiencies, irregularities and non-compliance, in addition to the above, were as a result of a failure to adequately supervise and manage the project, and to provide and supply competent and skilled subcontractors in violation of The Agreement.

40.     The defects, deficiencies, irregularities and non-compliance in the construction project included but are not limited to the following:

a.     A failure to comply with the Foundation Plan specified by the plans and specification of Asher Assoc., the structural engineering plan of Mulhern & Kulp and the contract documents;

b.     A failure to comply with the framing plan specified by the plans and specifications of Asher Assoc., the structural engineering plan of Mulhern & Kulp and the contract documents;

c.     A failure to comply with the Exterior and Shear Wall Sheathing Specifications of the Asher Assoc., the structural engineering plan of Mulhern & Kulp and the contract documents;

d.     A failure to supply and install PEX tubing for plumbing lines and a maniblock system in accordance with the plans and specifications of Asher Assoc. and the contract documents;

-8-

e.    A failure to install toilet and shower flanges in accordance with generally accepted industry standards and in compliance with the plans and specifications of Asher Assoc. and the contract documents;

f.    A failure to install 400 amp electrical service in accordance with the plans and specifications of Asher Assoc. and the contract documents;

g.    A failure to install a well-designed and efficient HVAC system in accordance with the plan and specifications of Asher Assoc. and in accordance with generally accepted industry standards of efficiency and design;

h.    A failure to adequately protect and keep watertight the installed HVAC duct work in the crawl space which was allowed to become wet, moldy, unsafe and unusable in violation of generally acceptable industry standards;

i.    A failure to install the correctly designed exterior "Azek" window and door trim on all windows and doors as specified on the plans and specifications of Asher Assoc. and the contract documents;

j.    Faulty installation of the incorrectly designed exterior "Azek" window, door trim, and beaded soffits without proper gluing and nailing, and with unacceptable gaps and waves, not in accordance with the plans and specifications of Asher Assoc., the contract documents or acceptable industry standards;

k.   A failure to install some of the windows and doors properly without unnecessary gaps and in accordance with the plans and specifications of Asher Assoc., the contract documents and generally acceptable industry standards;

l.   A failure to adequately and properly install an ice and water shield on the roof so as to prevent the interior of the house from getting wet, dirty, damp and moldy on a repeated basis throughout the winter months; .

m.   Allowing Defendant sub-contractors to repeatedly perform work unsupervised on the premises resulting in mistakes, non-conforming and substandard work including but not limited to HVAC and Plumbing sub-contractors leaving unprotected holes in the roof of the house allowing water, snow, ice, rain and mud to accumulate in the house;

n.   Failing to take reasonable and adequate measures in a timely fashion to properly align the chimney with the firebox before installation of the cedar and metal roofs requiring Plaintiffs to remove and reconstruct both the chimney and the roofs;

o.   Failing to take adequate measures to cover and protect a large chimney opening during construction to avoid water, snow, ice, rain and mud to accumulate in the house;

p.   Failing to frame the house in accordance with generally accepted industry standards;

-10-

q.     Failing to frame the ceiling of the foyer correctly and in accordance with the plans and specifications of Asher Assoc. requiring Plaintiffs to completely remove portions of the foyer ceiling and reconstruct the entire upper porch structure;

r.     With knowledge of Plaintiffs backyard and pool design, failing to correctly place and supervise the placement of the sewer line from Plaintiffs house to the street location causing it to be placed in the location where the pool was designed to be placed;

s.     Failing to properly construct the upper porch supports in masonry footings as required by generally accepted building standards;

t.     Allowing installation of electrical wiring and audio visual wiring in a house which had not been fully protected from the elements or animals resulting in wiring in the crawl space which became damaged, unusable and unsafe;

u.     Causing damage to a sliding glass door causing it to shatter and failing to replace the shattered door;

v.     Failing to supply and install bathroom windows on the third floor as provided in the architectural plans and specifications;

w.     Unlawfully entering and trespassing on the site to remove construction materials after The Agreement was terminated and written instructions were given to cease all work and not enter the property.

41.     The Defendants failed to timely cure, remedy and/or correct the above described

defects, deficiencies, irregularities and non-compliance.  On or about May 5, 2014 Plaintiffs

notified Defendants of their termination pursuant to Article 16 of The Agreement.

42.     The afore-described defects, deficiencies, irregularities and non-compliance have

substantially and adversely diminished the potential investment value of the Plaintiffs' home;

have adversely affected the quiet enjoyment, use, comfort, convenience and habitability of the

Plaintiff's Home for its intended purpose as a private residence; and, have caused Plaintiffs to

expend large sums of money to attempt to remedy and cure the said defects, deficiencies,

irregularities and non-compliance.

### COUNT ONE
### BREACH OF CONTRACT

**The Plaintiffs v. Harbaugh Developers, LLC, Stephen M. Harbaugh,
and Builder Affiliates 1-30**

43.     The allegations of the preceding paragraphs are incorporated by reference as

though fully set forth at length herein.

44.     Harbaugh Developers, LLC and Stephen M. Harbaugh and Builder Affiliates 1-30

were contractually obligated to deliver a home that was in accordance with the plans and

specifications of Asher Assoc., and free from defects and deficiencies, reasonably fit for its

intended purpose as a residence within a specified time period.

45.     Said Defendants breached their contractual agreement by failing to construct the

Plaintiffs' home in accordance with the plans and specifications of Asher Assoc. in a good and

-12-

workmanlike manner, free from defects and deficiencies and in a manner that was reasonably fit for its intended purpose as a residence.

46.    Said Defendants breached their contractual agreement by failing to have the Plaintiffs' home constructed in conformity with generally accepted standards in the industry, and furthermore failed to use good and sufficient materials and adequate manpower to complete and finish the home in accordance with the architectural plans and specifications and in conformity with The Agreement.

47.    Defendants likewise failed to adequately man this construction project so as to reasonably progress the construction of the house in accordance with the time for completion specified in The Agreement set forth above.  Such failure to adequately staff and man the construction of the Plaintiffs' home was a breach of its contractual agreement.  Without proper manning of the project the home could not be delivered in a timely manner.

48.    In addition, Defendants Harbaugh Developers, LLC and/or Stephen M. Harbaugh, and Builder Affiliates 1-30, failed to adequately supervise and manage the construction of the home, its sub-contractors and affiliates so as to avoid unnecessary and costly mistakes, do-overs, damage and delays.  Such failure to adequately supervise and manage the project was a breach of The Agreement.

49.    Said Defendants failed to remedy, repair and/or cure the defects in the Plaintiffs' home in a timely and efficient manner despite its contractual obligation to do so.

WHEREFORE, the Plaintiffs, Donald M. Soloff and Alison F. Soloff, demand judgment against Defendants, Harbaugh Developers, LLC, Stephen M. Harbaugh, and Builder Affiliates 1-30, jointly, severally, or in the alternative, for the following relief:

-13-

a.      compensatory damages;

b.      consequential and incidental damages;

c.      reasonable attorney's fees, interest and costs; and

d.      such other and further relief as is equitable, appropriate and just.

## COUNT TWO
## NEGLIGENCE

### The Plaintiffs v. Harbaugh Developers, LLC
### Stephen M. Harbaugh, and Builder Affiliates 1-30

50. The allegations of the preceding paragraphs are incorporated by reference as though fully set forth at length herein.

51.      Harbaugh Developers, LLC, Stephen M. Harbaugh,  and Builder Affiliates 1-30, as general contractor, builder, and builder affiliates of the Plaintiff's Home, owed a duty to the Plaintiffs to exercise reasonable care in constructing Plaintiffs' home in accordance with the plans and specifications of the Plaintiffs' architect, Asher Assoc., all applicable manufacturer's installation requirements, all reasonable industry standards and accepted commercial standards in the industry for **construction** of **custom residential** homes, and all applicable state, local and national building codes, regulations and ordinances.

52.      By virtue of its conduct as described herein and as set forth more fully above, Harbaugh Developers, LLC, Stephen M. Harbaugh, and Builder Affiliates 1-30 breached their duty of care owed to the Plaintiffs to exercise reasonable care in construction in violation of applicable state, local and national building codes, regulations, ordinances, other standards and violated reasonably accepted practices in the construction industry.

-14-

53.     At all times relevant hereto, Defendant Stephen M. Harbaugh represented that he and "his" company Harbaugh Developers , LLC possessed the requisite degree of knowledge, skill, experience, expertise, judgment, ability and manpower ordinarily possessed and utilized by a home builder/developer of fine custom homes.

54.     Defendant Stephen M. Harbaugh on behalf of himself and as the representative of Harbaugh Developers, LLC further represented that he and "his" company possessed a specialized skill, judgment and ability in the construction of fine custom homes and thus owed a duty and obligation to the Plaintiffs as the owners of the home to use that specialized  degree of judgment, knowledge, skill and ability necessary to comply with all applicable statutory, contractual and other obligations governing its conduct in connection with the design and construction of the Plaintiff's Home; and further to use the same specialized skill, judgment and ability to quickly and efficiently make any necessary repairs or revisions to cure any incorrect or non-conforming work after having been notified of same by Plaintiffs or others.

55.     Said Defendants breached their duty of care in that they negligently and recklessly misrepresented their ability, experience, knowledge, expertise and manpower and undertook or engaged others to undertake the construction of the Plaintiff's Home, in a faulty, improper, unsupervised, defective and deficient manner, manner resulting in significant, diverse and continuing damages to the Plaintiffs.

56.     By reason of the foregoing, and as a direct and proximate result of the negligent and reckless conduct of the said Defendants, Plaintiffs have sustained significant, diverse and continuing damage, including but not limited to the resulting need to undertake extensive repairs to correct all the deficiencies listed above as well as others further discovered; incur additional

cost and expense for the completion of the construction of the house; incur additional cost and expense for the completion of the contract, and  will continue in the future to sustain damage in connection with effectuating the repair, cure, remedy and replacement of the defects and deficiencies as aforementioned.

57.    The Plaintiff has also sustained and suffered further economic losses including but not limited to the loss of use and replacement of the home to which it is due and entitled.

WHEREFORE, the Plaintiffs, Donald M. Soloff and Alison F. Soloff, demand judgment against Defendants, Harbaugh Developers, LLC and Stephen M. Harbaugh,  and Builder Affiliates1-30, jointly, severally, or in the alternative, for the following relief:

        a.    compensatory damages;

        b.    consequential and incidental damages;

        c.    reasonable attorney's fees, interest and costs; and

        d.    such other and further relief as is equitable, appropriate and just.

### COUNT THREE
### BREACH OF EXPRESS AND IMPLIED WARRANTIES

**The Plaintiffs v. Harbaugh Developers, LLC**
**Stephen M. Harbaugh, and Builder Affiliates 1-30**

58.    The allegations of the preceding paragraphs are incorporated by reference as though fully set forth at length herein.

59.    Defendants, Harbaugh Developers, LLC , Stephen M. Harbaugh,  and Builder Affiliates 1-30 expressly and/or impliedly warranted to the Plaintiffs, that the Home and all

related systems and structures, would be free from defects, built in a workmanlike manner, and fit for its intended purpose.

60.     Said Defendants breached their warranties, including but not limited to, the express and implied warranties of workmanlike construction, fitness for intended purpose, and habitability, under the Uniform Construction Code and otherwise, by constructing the Plaintiffs' home in a defective manner.

WHEREFORE, the Plaintiffs, Donald M. Soloff and Alison F. Soloff, demand judgment against Defendants, Harbaugh Developers, LLC, Stephen M. Harbaugh, and Builder Affiliates1-30, jointly, severally, or in the alternative, for the following relief:

      a.     compensatory damages;

      b.     consequential and incidental damages;

      c.     reasonable attorney's fees, interest and costs; and

      d.     such other and further relief as is equitable, appropriate and just.

## COUNT FOUR
### NEGLIGENT MISREPRESENTATIONS OR OMISSIONS

**The Plaintiffs v. Harbaugh Developers, LLC and Stephen M. Harbaugh**

61.     The allegations of the preceding paragraphs are incorporated by reference as though fully set forth at length herein.

62.     Defendants, Harbaugh Developers, LLC and Stephen M. Harbaugh, made negligent misrepresentations or omissions of fact concerning the quality of workmanship and

materials used in construction of the Plaintiffs' home, and the Plaintiffs relied to their detriment on these negligent misrepresentations and omissions.

63.     Specifically, said Defendants represented to the Plaintiffs that they possessed the necessary experience and qualifications to perform the work, as requested, and made other material misrepresentations regarding their ability to complete the work in the contractual time period.

64.     Through the exercise of reasonable care, said Defendants should have known their representations or omissions were false when made.

65.     The Plaintiffs relied to their detriment on the negligent misrepresentations or omissions as described above.

66.     The Plaintiffs have sustained damages as a direct and proximate result of the aforementioned negligent misrepresentations or omissions.

WHEREFORE, the Plaintiffs, Donald M. Soloff and Alison F. Soloff, demand judgment against Defendants, Harbaugh Developers, LLC, and Stephen M. Harbaugh, jointly, severally, or in the alternative, for the following relief:

      a.     compensatory damages;

      b.     consequential and incidental damages;

      c.     reasonable attorney's fees, interest and costs; and

      d.     such other and further relief as is equitable, appropriate and just.

### COUNT FIVE
### BREACH OF CONTRACT-THIRD PARTY BENEFICIARY

#### The Plaintiffs v. ABC Subcontractors 1-30

67. The allegations of the preceding paragraphs are incorporated by reference as though fully set forth at length herein.

68. Upon information and belief Defendant, ABC Subcontractors 1-30, entered into oral or written contracts with Defendant Harbaugh Developers, LLC and/or Defendant, Stephen M. Harbaugh to construct the Plaintiffs' home in accordance with manufacturer's specifications, applicable codes, Plaintiffs' architectural plans and specifications, and accepted industry standards.

69. Defendant, ABC Subcontractors 1-30, breached their contractual obligations by failing to construct the Home in accordance with the manufacturer's specifications, applicable codes, Plaintiffs' architectural plans and specifications, and accepted industry standards.

70. Defendant, ABC Subcontractors 1-30, failed to remedy, repair, replace and/or cure the defects in the Plaintiffs' home, despite their contractual obligation to do so.

71. The Plaintiffs are a third-party beneficiary of the contracts by and among Defendant Harbaugh Developers, LLC and/or Defendants Stephen M. Harbaugh and/ or Defendant, ABC Subcontractors 1-30, a fact which all Defendants knew or should have known.

72. The Plaintiffs have been damaged as a result of the foregoing conduct by ABC Subcontractors 1-30.

WHEREFORE, the Plaintiffs, Donald M. Soloff and Alison F. Soloff, demand judgment against Defendants, ABC Subcontractors 1-30 for the following relief:

a.  compensatory damages;

b.  consequential and incidental damages;

c.  reasonable attorney's fees, interest and costs; and

d.  such other and further relief as is equitable, appropriate and just.

### COUNT SIX
### NEGLIGENCE

#### The Plaintiffs v. ABC Subcontractors 1-30

73.  The allegations of the preceding paragraphs are incorporated by reference as though fully set forth at length herein.

74.  Defendant, ABC Subcontractors 1-30, owed duties to the Plaintiffs to exercise reasonable care in constructing the Plaintiffs' home in accordance with all the Plaintiffs' architectural plans and specifications, the manufacturer's installation requirements, and all accepted industry standards, as well as all applicable state, local and national building codes, regulations and ordinances.

75.  By virtue of their conduct as described herein, Defendant, ABC Subcontractors 1-30, were negligent and breached the duties owed to the Plaintiffs.

76.  At all times relevant hereto, Defendant, ABC Subcontractors 1-30, represented that they possessed the requisite degree of knowledge, skill, judgment and ability ordinarily possessed and utilized in their respective fields of expertise and endeavor, and owed a duty and obligation to the Plaintiffs to use the degree of judgment, knowledge, skill and ability necessary

-20-

to comply with all applicable statutory, contractual and other obligations governing their conduct in connection with the construction of the Plaintiffs' home.

77. At all times relevant hereto, Defendant, ABC Subcontractors 1-30, breached their duty of care by negligently and/or recklessly undertaking or engaging others to undertake the specification and construction of the Plaintiffs' home in a faulty, improper, defective and deficient manner, resulting in significant, diverse and continuing damages to the Plaintiffs.

78. By reason of the foregoing, and as a direct and proximate result of the negligent and reckless conduct of Defendant, ABC Subcontractors 1-30, Plaintiffs have sustained significant, diverse and continuing damage, and will continue in the future to sustain damage in connection with effectuating the repair, cure, remedy and replacement of the defects and deficiencies as aforementioned.

WHEREFORE, the Plaintiffs, Donald M. Soloff and Alison F. Soloff demand judgment against Defendant ABC Subcontractors 1-30 for the following relief:

      a.    compensatory damages;

      b.    consequential and incidental damages;

      c.    reasonable attorney's fees, interest and costs; and

      d.    such other and further relief as is equitable, appropriate and just.

### COUNT SEVEN
### VIOLATION OF THE NEW JERSEY CONSUMER FRAUD ACT

**The Plaintiffs v. Harbaugh Developers, LLC
and Stephen M. Harbaugh**

79.     The allegations of the preceding paragraphs are incorporated by reference as though fully set forth at length herein.

80.     Plaintiff, Donald M. Soloff and Alison F. Soloff are "person(s)" as defined by N.J.S.A. 56:8-1 (d).

81.     Defendants are "persons" as defined by N.J.S.A. 56:8-1 (d).

82.     The building and materials and supplies associated with the construction of Plaintiffs' home are "merchandise" as defined by N.J.S.A.56:8-1(c).

83.     The building of the home and/or the sale of the materials and supplies associated with the home's construction were "sales" as defined by N.J.S.A. 56:8-1 (e).

84.     Accordingly, under the facts alleged in this Complaint, Plaintiffs are consumers entitled to the protection and remedies provided for by N.J.S.A. 56:8-1, et seq.

85.     Said Defendants and/or said Defendants' agents, servants or employees and/or workmen engaged in an unconscionable commercial practice, deception, fraud, false pretense, false promise or misrepresentation against Plaintiffs.

86.     Said Defendants knowingly concealed, suppressed or omitted a material fact and/or facts from Plaintiffs with intent that Plaintiffs rely upon same.

87.     Plaintiffs in fact reasonably relied upon the aforesaid concealment and/or omissions of material fact to Plaintiffs' detriment.

88.     The aforesaid misrepresentations were material to the transaction(s) at issue.

-22-

89.     The Contract Documents, upon which the contractual work was based, included the drawings and specifications prepared by Plaintiffs architect, Asher Assoc.  The Agreement required the Defendants to perform and complete the work in accordance with the aforesaid drawings and specifications.  The Agreement required the Defendants to supply construction materials in accordance with the specifications provided by the plan.  Defendants knew that they were using sub-standard materials not in accordance with the specifications of the architectural Plans and thereby the terms of The Agreement.

90.     The said Defendants also knew or should have known that they did not have the requisite expertise, experience, skill, resources, finances, staff and/or manpower to build the Plaintiffs' custom home in compliance and in accordance with the architectural plans and specifications provided by Asher Assoc., upon which the Agreement was based.

91.     The said Defendants knew or should have known that they did not have the requisite expertise, experience, skill, resources, finances, staff and/or manpower to build the Plaintiffs' custom home in  a good and workmanlike manner and in accordance with generally accepted industry standards for construction of fine custom homes.

92.     The said Defendants knew or should have known that they did not have the requisite expertise, experience, skill, resources, finances, staff and/or manpower to complete the construction of the Plaintiffs' custom home in a timely manner consistent with the requirements of The Agreement.

93.     At all relevant times hereto, the said Defendants had multiple ongoing building projects with associated financial commitments which were not disclosed to Plaintiffs at the time of entering into The Agreement.

-23-

94.     Defendants, Harbaugh Developers and/or Harbaugh failed to fully and accurately disclose the number of ongoing building projects or the extent of their existing construction commitments, in order to fraudulently induce Plaintiffs to enter into The Agreement.

95.     Defendants undisclosed and fraudulently represented existing construction commitments prevented Defendants from complying with The Agreement and caused Defendants to divert business resources and staff from the work of constructing Plaintiffs' home.

96.     The Defendants undisclosed and fraudulently misrepresented existing construction commitments caused Defendants to fail to properly man and supervise the construction of Plaintiffs' home and likewise caused them to fail to comply with the completion and delivery of the home.

97.     Defendants, Harbaugh Developers and/or Harbaugh failed to accurately disclose the number of ongoing building projects or the extent of their existing construction commitments, in order to fraudulently induce Plaintiffs to pay them the sum of $103,953.00 at the signing of The Agreement.

98.     Defendants, Harbaugh Developers and/or Harbaugh fraudulently misrepresented the sum of $103,953.00 at the signing of The Agreement, to be "Development Costs, Permits and Fees" when it was more accurately Defendants' profits in order to induce Plaintiffs to pay the said sum and execute the contract.

99.     The said Defendants knew or should have known that their representations, omissions and/or conduct as described above were false and misleading and would be directly relied upon by the Plaintiffs.

-24-

100.    The Plaintiffs relied on the foregoing misrepresentations and omissions, both express and implied.

101.    Defendants, Harbaugh Developers, LLC and/or Stephen M. Harbaugh, have employed unconscionable commercial practices and/or fraud in connection with the construction of the Plaintiffs' home in violation of the New Jersey Consumer Fraud Act.

102.    As a result of said Defendants' aforesaid misconduct, Plaintiffs sustained an ascertainable loss capable of being calculated with a reasonable degree of certainty.

103.    In light of the aforesaid, said Defendants and/or their employees and/or servants and/or agents violated N.J.S.A. 56:8-1 et. seq.

104.    Said defendants' conduct may have also constituted violations of applicable provisions of New Jersey Statutes, the New Jersey Administrative Code, N.J.A.C. 13:45A-1.1, et seq., any Federal statutes pled herein and/or the Code of Federal Regulations and such violations may in turn provide evidence of violations of N.J.S.A. 56:8-1, et seq. and/or constitute *per se* violations of same.

105.    The Plaintiffs complied with the requirements of N.J.S.A. 56:8-20, et seq.

106.    Plaintiffs bring this action pursuant to N.J.S.A. 56:8-19 and in accordance therewith, seek statutory treble damages, attorney's fees, filing fees and court costs.

WHEREFORE, Plaintiffs demand judgment against Harbaugh Developers, LLC and Stephen M. Harbaugh jointly and/or severally for:

a.    Compensatory damages;

b.    The remedies provided for under any state and/or federal statutes pled herein, including but not limited to treble damages pursuant to N.J.S.A.

56:8-19, recovery of ascertainable losses for loss of money and/or property pursuant to N.J.S.A. 56:8-19, a refund of all moneys acquired by means of any practice declared unlawful as permitted by N.J.S.A. 56:8-2.11-12, all statutory/equitable remedies afforded by N.J.S.A. 56:8-1, et seq. and/or the remedies afforded fraud victims under the common law and/or pursuant to N.J.S.A. 2A:32-1, et seq.;

c.   Any other applicable consequential, incidental, nominal and expectation damages; and

d.   Lawful interest, attorney's fees, filing fees court costs and such other and further relief as the court shall deem equitable and just.

### COUNT EIGHT
### COMMON LAW FRAUD

**The Plaintiffs v. Harbaugh Developers, LLC and Stephen M. Harbaugh**

107.   The allegations of the preceding paragraphs are incorporated by reference as though fully set forth at length herein.

108.   The conduct of Defendants as aforesaid constitutes common law fraud.

109.   The conduct of the Defendants was wanton and malicious or undertaken with reckless disregard of Plaintiffs' rights and justifies an award of punitive damages.

WHEREFORE, the Plaintiffs, Donald M. Soloff and Alison F. Soloff, demand judgment against Defendants Harbaugh Developers, LLC and Stephen M. Harbaugh, jointly, severally, and in the alternative, for the following relief:

-26-

a.   Compensatory damages;

b.   All statutory/equitable remedies afforded by N.J.S.A. 56:8-1, et seq. and/or the remedies afforded fraud victims under the common law and/or pursuant to N.J.S.A. 2A:32-1, et seq.;

c.   Any other applicable consequential, incidental, nominal and expectation damages; and

d.   Lawful interest, attorney's fees, filing fees court costs and such other and further relief as the court shall deem equitable and just consequential and incidental damages; and

e.   Such other and further relief as is equitable, appropriate and just.

### COUNT NINE
### RECISION OF CONTRACT THAT WAS THE PRODUCT OF FRAUD

**The Plaintiffs v. Harbaugh Developers, LLC, Stephen M. Harbaugh, and Builders Affiliates 1 - 10**

110.   The allegations of the preceding paragraphs are incorporated by reference as though fully set forth at length herein.

111.   Defendants Harbaugh Developers, LLC and, Stephen M. Harbaugh, and Builder Affiliates 1-30, intentionally or otherwise, made false and misleading statements of fact to Plaintiffs relative to the construction of their home insofar as the Defendants agreed to provide materials consistent with the quality and grade specified in Plaintiffs' architectural plans and specifications; such plans and specifications which formed the basis of the Contract. The Plaintiffs relied upon such false and misleading statements to their detriment.

-27-

112.   Defendants Harbaugh Developers, LLC and Stephen M. Harbaugh, and Builder Affiliates 1-30, intentionally or otherwise, made false and misleading statements of fact to Plaintiffs relative to the construction of their home insofar as the Defendants agreed to provide sub-contractors with sufficient skill and experience consistent with the quality and grade of the construction specified in the architectural plans and specifications; such plans and specifications which formed the basis of the Contract. The Plaintiffs relied upon such false and misleading statements to their detriment.

113.   Defendants Harbaugh Developers, LLC, and Stephen M. Harbaugh,  and Builder Affiliates 1-30, intentionally or otherwise, made false and misleading statements of fact to Plaintiffs relative to the construction of their home insofar as the Defendants agreed to properly and fully manage and supervise the project, including but not limited to the supervision of sub-contractors employed by the said Defendants, and to progress the construction in a timely fashion in order to deliver the fully completed house in accordance with the time for delivery set forth in the parties Agreement.  The Plaintiffs relied upon such false and misleading statements to their detriment.

114.   As a result of the aforesaid, Plaintiffs were fraudulently induced into hiring the Defendants because the Plaintiffs assumed that the Defendants would use quality materials, experienced and appropriate sub-contractors and full and proper management and supervision consistent with the terms of the plans and specifications and the parties agreement . The defendant knew at the time of the execution of The Agreement that he would use inferior materials and/or products, inferior sub-contractors and was unable to fully and properly manage and supervise the construction so as to deliver the completed house in a timely fashion.

-28-

115.    In accordance with N.J.S.A. 2A:32-1, et seq. and the allegations presented herein, since the Agreement was the product of fraud, Plaintiffs asserts that they are entitled to rescind The Agreement and recover the full sum of money Plaintiffs paid said Defendants prior to the termination of The Agreement by the Plaintiffs.

116.    Given the inequities of the situation and the said Defendants' aforesaid misdeeds, the contract should be declared null and void and an equitable order should be entered rescinding the contract and/or all and any addendums thereto and providing a full refund of monies paid by Plaintiffs.

WHEREFORE, Plaintiffs, Donald M. Soloff and Alison F. Soloff demand judgment against Defendants, Harbaugh Developers, LLC and Stephen M. Harbaugh, and Builder Affiliates 1 - 10, jointly and/or severally for:

a.    Compensatory damages;

b.    The remedies provided for under any state and/or federal statutes pled herein, including but not limited to treble damages pursuant to N.J.S.A. 56:8-19, recovery of ascertainable losses for loss of money and/or property pursuant to N.J.S.A. 56:8-19, a refund of all moneys acquired by means of any practice declared unlawful as permitted by N.J.S.A. 56:8-2.11-12, all statutory/equitable remedies afforded by N.J.S.A. 56:8-1, et seq. and/or the remedies afforded fraud victims under the common law and/or pursuant to N.J.S.A. 2A:32-1, et seq.;

c.    Any other applicable consequential, incidental, nominal and expectation damages; and

d.   Lawful interest, attorney's fees, filing fees court costs and such other and
further relief as the court shall deem equitable and just.

**LAW OFFICES OF MICHAEL J. WEISS, P.C.**

BY:     MICHAEL J. WEISS
        Attorneys for Plaintiffs

Dated: September 10, 2014

-30-